PAVAN L. ROSATI, ESQUIRE - State Bar #146171
prosati@gnhllp.com
GOODMAN NEUMAN HAMILTON LLP
One Post Street, Suite 2100
San Francisco, California 94104
Telephone: (415) 705-0400
Facsimile: (415) 705-0411

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUADALUPE PEREZ,<br><br>Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC. and DOES 1 to 20, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1441 AND 1446(b) BASED ON DIVERSITY OF CITIZENSHIP UNDER 28 U.S.C. § 1332**<br><br>**JURY TRIAL DEMANDED** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant HOME DEPOT U.S.A., INC. (hereinafter "HOME DEPOT"), by and through its counsel, hereby removes the above-captioned action from the Superior Court of the State of California, in and for the County of Alameda, to the United States District Court, Northern District of California, for the reasons described below:

1.      HOME DEPOT is the sole named Defendant in a civil action pending against it in the Alameda County Superior Court, entitled *Guadalupe Perez vs. Home Depot USA, Inc.*, Case No. 22CV005840.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the Complaint. HOME DEPOT U.S.A., INC. timely filed an Answer to the Complaint on February 18, 2022.  A filed-endorsed copy of the Answer is attached as **Exhibit B**.

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

-1-
NOTICE OF REMOVAL OF ACTION

3.     Venue is proper in this Court because the boundaries of the United States District Court for the Northern District of California, pursuant to 28 U.S.C. § 84(b) include Alameda County.

4.     Following the filing of this Notice of Removal of Action, written notice of this filing will be served on counsel for Plaintiff and will be filed with the Clerk of the Superior Court of California for the County of Alameda, in accordance with 28 U.S.C. § 1446(d).

### JURISDICTION

5.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332. This case may be removed to this Court by HOME DEPOT pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446 in that it is a case that could have been commenced in federal court based on diversity of citizenship.

6.     Diversity jurisdiction applies for the following reasons:

a.     At all times relevant to removal jurisdiction, Plaintiff is and was a resident of the State of California.

b.     Both at the time that this action was commenced and at this time, HOME DEPOT U.S.A., INC. was incorporated in Delaware and has its principal place of business in Georgia. HOME DEPOT U.S.A., INC.'s corporate offices are located in Atlanta, Georgia, where its finance, accounting, purchasing, treasury, marketing, training, human resources, information systems, internal audit, and legal departments are located, making policy decisions that affect the entire company. "'[P]rincipal place of business' refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities… i.e., the 'nerve center.'" (*Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1184 (U.S., 2010).) "For purposes of removal… the citizenship of defendants sued under fictitious names shall be disregarded." (28 U.S.C. §1441(a).)

c.     Plaintiff contends in her Complaint that her damages exceed $3,000,000. (**Exhibit A**.) Accordingly, the amount in controversy between the parties exceeds the $75,000.00 threshold specified in 28 U.S.C. § 1332(a).

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

1    7.    Based on the foregoing, the matter is removable pursuant to 28 U.S.C.

2   §§ 1332 and 1446(b).

3        WHEREFORE, the undersigned requests that the action described above be

4   removed in its entirety to this Court for all further proceedings pursuant to 28 U.S.C.

5   § 1441, et seq.

6                        **DEMAND FOR JURY TRIAL**

7        Defendant demands a jury trial of 8 jurors pursuant to Federal Rules of Court,

8   Rule 48.

9   DATED:  February 22, 2022                    GOODMAN NEUMAN HAMILTON LLP

10

11                                    By:_____
                                         PAVAN L. ROSATI
12                                       Attorneys for Defendant
                                         HOME DEPOT U.S.A., INC.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

-3-

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** HOME DEPOT U.S.A., INC. and DOES 1 to 20,
*(AVISO AL DEMANDADO):* inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** GUADALUPE PEREZ
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

| |
|---|
| FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California<br>County of Alameda<br>01/21/2022<br>Chad Finke, Executive Officer / Clerk of the Court<br>By: Anthony Zapotoczny, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado.  Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Alameda<br>1225 Fallon St.<br>Oakland, California 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>**22CV005840** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Gregory R. De La Peña (SBN 126626)  K. Anderson Franco (SBN 297010)
One Embarcadero Center, Suite 2860, San Francisco, California 94102            415-268-8000

| | | | |
|---|---|---|---|
| DATE:  01/21/2022<br>*(Fecha)*  Chad Finke, Executive Officer / Clerk of the Court | Clerk, by<br>*(Secretario)* | Anthony Zapotoczny | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* HOME DEPOT U.S.A., INC.

under: ☒ CCP 416.10 (corporation)            ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 485<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder- |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Gregory R. De La Peña(SBN 126626) K. Anderson Franco   SBN:  297010<br>De La Pena & Holiday LLP<br>One Embarcadero Center, Suite 2860, San Francisco, California 94102<br>TELEPHONE NO: (415) 268-8000     FAX NO. *(Optional)*: (415) 268-8180<br>E-MAIL ADDRESS: afranco@dlphlaw.com<br>ATTORNEY FOR *(Name)*: Plaintiff, Guadalupe Perez | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>01/21/2022 at 03:43:00 PM<br>By: Anthony Zapotoczny, Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS: 1225 Fallon St.
CITY AND ZIP CODE: Oakland, 94612
BRANCH NAME: Rene C. Davidson Alameda County Courthouse

CASE NAME: Guadalupe Perez v. Home Depot, U.S.A., Inc. and DOES 1 to 20, inclusive

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>**22CV005840** |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09)<br>[ ] Other collections (09)<br>[ ] Insurance coverage (18)<br>[ ] Other contract (37) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10)<br>[ ] Mass tort (40)<br>[ ] Securities litigation (28)<br>[ ] Environmental/Toxic tort (30) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort**<br>[ ] Asbestos (04)<br>[ ] Product liability (24)<br>[ ] Medical malpractice (45)<br>[X] Other PI/PD/WD (23) | **Real Property**<br>[ ] Eminent domain/Inverse<br>condemnation (14)<br>[ ] Wrongful eviction (33)<br>[ ] Other real property (26) | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41)<br>**Enforcement of Judgment**<br>[ ] Enforcement of judgment (20) |
| **Non-PI/PD/WD (Other) Tort**<br>[ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08)<br>[ ] Defamation (13)<br>[ ] Fraud (16)<br>[ ] Intellectual property (19)<br>[ ] Professional negligence (25)<br>[ ] Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>[ ] Commercial (31)<br>[ ] Residential (32)<br>[ ] Drugs (38)<br>**Judicial Review**<br>[ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11)<br>[ ] Writ of mandate (02) | **Miscellaneous Civil Complaint**<br>[ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21)<br>[ ] Other petition *(not specified above)* (43) |
| **Employment**<br>[ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify)*: 3
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 16, 2021
K. Anderson Franco
_____
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title:<br>Perez v. The Home Depot | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[X] Oakland, Rene C. Davidson Alameda County Courthouse (446)

[ ] Hayward Hall of Justice  (447)

[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | **Is this an uninsured motorist case?  [ ] yes  [ ] no** | | |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [X] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [ ] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial   **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential   **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs   **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes  [ ] No** | | |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

202-19 (5/1/00)

A-13

| SUPERIOR COURT OF CALIFORNIA COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 | **FILED**<br>Superior Court of California<br>County of Alameda<br>01/21/2022<br>Chad Finke , Executive Officer / Clerk of the Court<br>By: _____ Deputy<br>A. Zapotoczny |
| PLAINTIFF(S):<br>Guadalupe Perez | |
| DEFENDANT(S):<br>Home Depot U.S.A., Inc. | |
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>22CV005840 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Rule 3.734 of the California Rules of Court and Title 3 Chapter 2 of the Local Rules of the Superior Court of California, County of Alameda, this action is hereby assigned by the Presiding Judge for all purposes to:

| | |
|---|---|
| ASSIGNED JUDGE: | Julia Spain |
| DEPARTMENT: | 520 |
| LOCATION: | Hayward Hall of Justice<br>24405 Amador Street, Hayward, CA 94544 |
| PHONE NUMBER: | (510) 690-2729 |
| FAX NUMBER: | |
| EMAIL ADDRESS: | Dept520@alameda.courts.ca.gov |

Under direct calendaring, this case is assigned to a single judge for all purposes including trial.

Please note: In this case, any challenge pursuant to Code of Civil Procedures section 170.6 must be exercised within the time period by law. (See Code of Civ. Proc. §§ 170.6, subd. (a.)(2) and 101.3)

NOTICE OF NONAVAILABILITY OF COURT REPORTERS: Effective June 4, 2012, the court will not provide a court reporter for civil law and motion hearings, any other hearing or trial in civil departments, or any afternoon hearing in Department 201 (probate). Parties may arrange and pay for the attendance of a certified shorthand reporter. In limited jurisdiction cases, parties may request electronic recording. Amended Local Rule 3.95 states: "Except as otherwise required by law, in general civil case and probate departments, the services of an official court reporter are not normally available. For civil trials, each party must serve and file a statement before the trial date indicating whether the party requests the presence of an official court reporter."

GENERAL PROCEDURES

Following assignment of a civil case to a specific department, all pleadings, papers, forms, documents and writings can be submitted for filing at either Civil Clerk's Office, located at the Rene C. Davidson Courthouse, Room 109, 1225 Fallon Street, Oakland, California, 94612, and the Hayward Hall of Justice, 24405 Amador Street, Hayward, California, 94544 and through Civil e-filing. Information regarding Civil e-filing can be found on the courts website. All documents, with the exception of the original summons and the original civil complaint, shall have clearly typed on the face page of each document, under the case number, the following:

ASSIGNED FOR ALL PURPOSES TO
JUDGE Julia Spain
DEPARTMENT 520

All parties are expected to know and comply with the Local Rules of this Court, which are available on the court's website at http://www.alameda.courts.ca.gov/Pages.aspx/Local-Rules(1) and with the California Rules of Court, which are available at www.courtinfo.ca.gov.

Parties must meet and confer to discuss the effective use of mediation or other alternative dispute processed (ADR) prior to the Initial Case Management Conference.  The court encourages parties to file a "Stipulation to Attend ADR and Delay Initial Case Management Conference for 90 Days."   The court's website contains this form and other ADR information.  If the parties do not stipulate to attend ADR, the parties must be prepared to discuss referral to ADR at the Initial Case Management Conference.

COURT RESERVATIONS

The use of the Court Reservation System (CRS) is now mandated in many civil courtrooms within the Alameda County Superior Court. Instead of calling or emailing the courtroom to make a reservation, parties with a case assigned to a courtroom using CRS are directed to utilize CRS to make and manage their own reservations, within parameters set by the courtrooms. CRS is available 24 hours a day, seven days a week and reservations can be made from a computer or smart phone. Please note, you are prohibited from reserving more than one hearing date for the same motion.

Prior to scheduling any motion on CRS, including any Applications for Orders for Appearance and Examination, or continuing any motion, please review the online information (if any) for the courtroom in which you are reserving. There may be specific and important conditions associated with certain motions and proceedings. Information is available on the court's eCourt Public Portal at www.eportal.alameda.courts.ca.gov.

Chad Finke, Executive Officer / Clerk of the Court

Chad Finke, Executive Officer / Clerk of the Court

By

A. Zapotoczny, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**

1   GREGORY R. DE LA PEÑA (SBN 126626)
    gdelapena@dlphlaw.com
2   K. ANDERSON FRANCO (SBN 297010)
    afranco@dlphlaw.com
3   DE LA PEÑA & HOLIDAY, LLP
    One Embarcadero Center, Suite 2860
4   San Francisco, California 94111
    Telephone:    (415) 268-8000
5   Facsimile:    (415) 268-8180

6   Attorneys for Plaintiff
    GUADALUPE PEREZ
7

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
**01/21/2022 at 03:43:00 PM**
By: Anthony Zapotoczny, Deputy Clerk

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               IN AND FOR THE COUNTY OF ALAMEDA

11                  CIVIL UNLIMITED JURISDICTION

12   GUADALUPE PEREZ                    CASE NO.:  22CV005840

13              Plaintiff,              **COMPLAINT FOR DAMAGES;
                                        DEMAND FOR JURY TRIAL**
14        v.
                                        **(1)  NEGLIGENCE;
15   HOME DEPOT U.S.A., INC. and DOES 1 to 20,       (2)  NEGLIGENT HIRING,
     inclusive,                              SUPERVISION, AND RETENTION
16                                           OF EMPLOYEE
                                        (3)  PREMISES LIABILITY**
17              Defendants.

18                                      **DEMAND FOR JURY TRIAL**

19        Plaintiff GUADALUPE PEREZ complains against Defendants HOME DEPOT U.S.A.,
20
    INC. and DOES 1 to 20, inclusive, and alleges as follows:
21

22                              **PARTIES**

23        1.      Plaintiff GUADALUPE PEREZ (hereafter "Plaintiff") is an adult over the age of
24
    eighteen years, and at all times relevant hereto, was and is a resident of the State of California.
25
          2.      Plaintiff is informed and believes, and thereon alleges, that HOME DEPOT U.S.A.,
26
    INC. (hereafter "Defendant" or "Defendants") was and is at all times mentioned herein, a
27
    California corporation conducting business in the County of Alameda in the State of California.
28

*DE LA PEÑA & HOLIDAY LLP*
*One Embarcadero Center, Suite 2860*
*San Francisco, CA 94111*
*Tel. (415) 268-8000 Fax (415) 268-8180*

177448                              1

3.     Plaintiff is informed and believes, and thereon alleges, HOME DEPOT U.S.A., INC. has a principal place of business in the County of Alameda in the State of California.

4.     The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants sued herein as DOES 1 to 20, inclusive, are unknown to Plaintiff, who sues said defendants by such fictitious names. Plaintiff will amend this Complaint to show the true names and capacities if and when the same are ascertained. Plaintiff is informed and believes, and thereon alleges, that said Defendants, and each of them, are responsible in some manner for Plaintiff's damages as herein alleged. Each reference in this complaint to "defendant," "defendants," or a specifically named defendant also refers to all "DOE" defendants.

5.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants, including all defendants sued under fictitious names, was the agent, employee, servant, partner, joint venture, co-conspirator, and/or alter ego of each of the other defendants, and in doing the things hereinafter alleged, was acting within the course and scope of that relationship. Further, Plaintiff is informed and believed and thereon alleges that each defendant authorized, ordered, directed, assisted, aided, abetted, adopted, ratified, and/or approved t of the actions of each of the other defendants.

## JURISIDCTION AND VENUE

6.     Jurisdiction is proper in this Court because the claimed damages exceed the minimum jurisdiction of this Court and pursuant to California Code of Civil Procedure Section 410.10.

7.     Venue is proper in this Court because Defendants HOME DEPOT U.S.A., INC. reside and conduct business in the City of Emeryville in the County of Alameda, conducts business in the City of Emeryville in the County of Alameda, and/or has a principal place of business in the City of Emeryville in the County of Alameda.

8.     The amount in controversy herein exceeds $25,000.00 and thus is a matter properly designated as a case of unlimited jurisdiction.

//

//

DE LA PEÑA & HOLIDAY LLP
One Embarcadero Center, Suite 2860
San Francisco, CA 94111
Tel. (415) 268-8000 Fax (415) 268-8180

DE LA PEÑA & HOLIDAY LLP
One Embarcadero Center, Suite 2860
San Francisco, CA 94111
Tel. (415) 268-8000 Fax (415) 268-8180

## GENERAL ALLEGATIONS

9.     This action arises from Defendants HOME DEPOT U.S.A., INC. and their agents causing injury to Plaintiff on or about February 27, 2020 at or about 3838 Hollis Street in Emeryville, California in the County of Alameda (hereafter "Premises").

10.     On or about February 27, 2020, Plaintiff was at the HOME DEPOT U.S.A., INC. , mopping a floor on aisle 40. Meanwhile, HOME DEPOT U.S.A., INC. employees were moving stock on aisle 39. While moving stock from the aisle, the HOME DEPOT U.S.A., INC caused at least four boxes to fall off the shelves and onto Aisle 40, where Plaintiff was standing. The boxes struck Plaintiff on the head. Plaintiff fell to the ground and lost consciousness.

11.     Defendants, and each of them, were negligent by causing the boxes to fall onto Plaintiff's head. Defendants also failed to properly train and execute job duties to maintain a safe environment. Defendants HOME DEPOT U.S.A., INC. agents' actions and inactions caused Plaintiff to be injured.

12.     The fall caused injuries to Plaintiff, including, but not limited to, urinary incontinence, traumatic brain injury, cervical disc damage, lumbar disc damage, lumbar sprain, lumbar spinal stenosis, emotional distress, neck pain, back pain, and memory issues. Plaintiff has suffered both special and general damages in an amount to be proven at trial. Plaintiff contends the damages exceed more than $3,000,000.00 in damages.

### FIRST CAUSE OF ACTION

### (NEGLIGENCE AGAINST ALL DEFENDANTS AND DOES 1-20)

13.     Plaintiff realleges and incorporates by reference all those facts and allegations in the preceding and succeeding paragraphs, as if fully set forth herein.

14.     Plaintiff is informed and believes and, based thereon, alleges that Defendants HOME DEPOT U.S.A., INC. and DOES 1 to 20 owed a duty of care to prevent injury to others. Defendants HOME DEPOT U.S.A., INC. owed a duty to not injure others, maintain premises in safe condition, not create a hazardous condition, and warn of dangerous conditions. Additionally, DOES 1-20 have a nondelegable duty to safe keep the premises.

15.     Defendants HOME DEPOT U.S.A., INC. and DOES 1 to 20 breached their owed

duty of care to prevent injury to others. Defendants HOME DEPOT U.S.A., INC. failed to maintain premises in a safe condition. Defendants HOME DEPOT U.S.A., INC. created a hazardous condition. Defendants HOME DEPOT U.S.A., INC. failed to warn of dangerous conditions on the premises. Defendants HOME DEPOT U.S.A., INC. created unsafe and dangerous conditions on the premises. Defendants HOME DEPOT U.S.A., INC. should have reasonably foreseen that their acts and omissions would have resulted in in injuring others.

16.     Defendants HOME DEPOT U.S.A., INC. and DOES 1 to 20 breached their owed duty of care, which caused Plaintiff injuries, by moving and dropping boxes from a high elevation and failing to provide any warning whatsoever.  Defendants HOME DEPOT U.S.A., INC. and DOES 1 to 20 also breached their owed duty of care, which caused Plaintiff injuries, by causing Plaintiff to get hit by the boxes. Plaintiff fell to the ground and suffered, and continues to suffer, injuries. Defendants HOME DEPOT U.S.A., INC. and DOES 1 to 20's acts and omissions were a substantial factor in bringing about plaintiff's injuries.

17.     Plaintiff has suffered injuries and damages as a result of Defendants' negligence. Plaintiff has suffered, and continues to suffer, extreme pain, emotional distress, and economic loss arising out of Defendants' negligence.  Plaintiff's damages include, but are not limited to, general damages, special damages, and loss of income, loss of earning capacity, medical expenses, incidental expenses, and other compensatory damages.

## SECOND CAUSE OF ACTION

### (NEGLIGENT HIRING, SUPERVISION, AND RETENTION OF EMPLOYEE AGAINST ALL DEFENDANTS AND DOES 1-20)

18.     Plaintiff realleges and incorporates by reference all those facts and allegations in the preceding and succeeding paragraphs, as if fully set forth herein.

19.     For the reasons stated above, HOME DEPOT U.S.A., INC. and DOES 1-20 owed legal duties to Plaintiff to behave reasonably towards her.

20.     Plaintiff was harmed by HOME DEPOT U.S.A., INC. employees and HOME DEPOT U.S.A., INC. is responsible for the harm because they negligently hired, supervised, and retained their employee.

DE LA PEÑA & HOLIDAY LLP
One Embarcadero Center, Suite 2860
San Francisco, CA 94111
Tel. (415) 268-8000 Fax* (415) 268-8180

21.    HOME DEPOT U.S.A., INC. chose to hire and employ the employees who caused Plaintiff harm. The HOME DEPOT U.S.A., INC. employees were unfit or incompetent to perform the work for which they were hired to do, including but not limited to working on ladders, moving stock on shelves, and down-stocking product from shelves. HOME DEPOT U.S.A., INC. knew or should have known that the employees were unfit or incompetent and that this unfitness or incompetence created a particular risk to others, including Plaintiff. HOME DEPOT U.S.A., INC. employees' unfitness or incompetence harmed Plaintiff. HOME DEPOT U.S.A., INC.'s negligence in hiring, supervising, or retaining the employees who caused Plaintiff harm was a substantial factor in causing Plaintiff's harm.

## THIRD CAUSE OF ACTION

## (PREMISES LIABILITY AGAINST ALL DEFENDANTS AND DOES 1-20)

22.    Plaintiff realleges and incorporates by reference all those facts and allegations in the preceding and succeeding paragraphs, as if fully set forth herein.

23.    Plaintiff alleges the acts of HOME DEPOT U.S.A., INC. and DOES 1 through 20 were the legal (proximate) cause of her damages. On February 27, 2020, Plaintiff was injured on the Premises when at least four boxes struck her head.

24.    HOME DEPOT U.S.A., INC. and DOES 1 through 20 were and are in control and or possession of the Premises, an at all times mentioned herein, were in fact the owners, occupants, operators, and managers of said Premises

25.    HOME DEPOT U.S.A., INC. and DOES 1 through 20, knew or had reason to know that objects could fall from their store shelves, particularly when employees move stock. HOME DEPOT U.S.A., INC. and DOES 1 through 20 knew or should have known to take reasonable precautions to avoid causing injury to others when moving stock from the shelves, and that failure to do so could cause injury to others.

26.    HOME DEPOT U.S.A., INC. and DOES 1 through 20 were under a duty to exercise reasonable care in storing retail on their shelves and in moving stock from their shelves in order to avoid exposing an unreasonable risk to others. HOME DEPOT U.S.A., INC. and DOES 1 through 20 were under a duty to warn people of the potential risks with a warning sign, cones, markers, or

DE LA PEÑA & HOLIDAY LLP
One Embarcadero Center, Suite 2860
San Francisco, CA 94111
Tel. (415) 268-8000 Fax (415) 268-8180

1    other warning device that communicates to people to exercise caution. Indeed, a person, such as

2    Plaintiff, has a right to assume that the business premises is reasonably safe unless there are

3    indications or warnings to the contrary.

4         27.    HOME DEPOT U.S.A., INC. and DOES 1 through 20 breached their duty to

5    exercise reasonable care in the use, maintenance, or management of the Premises to avoid exposing

6    Plaintiff to an unreasonable risk of harm by failing to follow the proper practices and procedures.

7    HOME DEPOT U.S.A., INC. and DOES 1 through 20 also failed to install the proper safeguards to

8    prevent the unreasonable risk.

9         28.    Plaintiff alleges that as a direct and proximate result of HOME DEPOT U.S.A., INC.

10   and DOES 1 through 20 breach of their duties of care, as alleged herein, Plaintiff suffered injuries.

11                                    **PRAYER**

12   **WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as**

13   **follows:**

14        1.    General damages in an amount to be proven at trial;

15        2.    Special damages in an amount to be proven at trial;

16        3.    Damages for medical and related expenses according to proof;

17        4.    Damages for loss of earnings;

18        5.    Damages for loss of earning capacity;

19        6.    Damages for loss of wages;

20        7.    Interest according to law;

21        8.    Compensatory damages;

22        9.    For such other and further relief as this Court determines is just, necessary, and

23   proper.

24   Dated:  January 21, 2022            DE LA PEÑA & HOLIDAY, LLP

25

26                                   By_____

27                                      Gregory R. de la Peña
                                        K. Anderson Franco
                                        Attorneys for Plaintiff
28                                      GUADALUPE PEREZ

*Left margin vertical text:* DE LA PEÑA & HOLIDAY LLP
One Embarcadero Center, Suite 2860
San Francisco, CA 94111
Tel. (415) 268-8000 Fax (415) 268-8180

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

1

## DEMAND FOR JURY TRIAL

2    Plaintiff GUADALUPE PEREZ hereby demands a trial by jury in this matter.

3

4    Dated:  January 21, 2022                    DE LA PEÑA & HOLIDAY, LLP

5

6                                          By

7                                             Gregory R. de la Peña
                                             K. Anderson Franco
8                                             Attorneys for Plaintiff
                                             GUADALUPE PEREZ

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

DE LA PEÑA & HOLIDAY LLP
One Embarcadero Center, Suite 2860
San Francisco, CA 94111
Tel. (415) 268-8000 Fax (415) 268-8180

# EXHIBIT B

1  PAVAN L. ROSATI, ESQUIRE - State Bar #146171
   prosati@gnhllp.com
2  GOODMAN NEUMAN HAMILTON LLP
   One Post Street, Suite 2100
3  San Francisco, California 94104
   Telephone: (415) 705-0400
4  Facsimile: (415) 705-0411

5  Attorneys for Defendant
   HOME DEPOT U.S.A., INC.

6

7

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
02/18/2022 at 03:03:36 PM
By: Cheryl Clark, Deputy Clerk

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF ALAMEDA

10

11  GUADALUPE PEREZ,                    Case No. 22CV005840

12                        Plaintiff,    **ANSWER BY DEFENDANT HOME
                                        DEPOT U.S.A, INC. TO PLAINTIFF'S**
13  vs.                                 **COMPLAINT**

14  HOME DEPOT U.S.A., INC. and         Assigned for All Purposes to:
    DOES 1 to 20, inclusive,            Judge Julia Spain
15                                      Dept.: 520
                          Defendants.
16                                      Complaint filed: January 21, 2022

17

18         Defendant HOME DEPOT U.S.A., INC. (erroneously sued herein as "The Home

19  Depot") (hereinafter "Defendant"), in answer to the unverified Complaint of Plaintiff,

20  denies each and every, all and singular, allegations of the Complaint, and denies that

21  Plaintiff has been injured or damaged in any of the sums mentioned in the Complaint, or

22  in any sum, or at all, as the result of any act or omission of this answering Defendant.

23                      **FIRST AFFIRMATIVE DEFENSE**

24              **Comparative Fault/Negligence of Plaintiff**

25         This answering Defendant alleges that Plaintiff was herself careless and negligent

26  in and about the matters alleged in the Complaint, and that this carelessness and negligence

27  on Plaintiff's own part contributed as a proximate cause to the happening of the incident,

28  the injuries, and loss and damage complained of, and any recovery by Plaintiff should be

Goodman
Neuman
Hamilton LLP
One Post St.
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

-1-

reduced or eliminated based upon her comparative fault.

## SECOND AFFIRMATIVE DEFENSE

### Comparative Fault/Negligence of Others

As a separate and further affirmative defense, this answering Defendant alleges that the sole proximate cause of the injuries and damages, if any, allegedly suffered by the Plaintiff was the negligence, fault and/or strict liability of persons or entities other than this answering Defendant, for whose acts or omissions this answering Defendant is not legally or otherwise responsible.

## THIRD AFFIRMATIVE DEFENSE

### Failure to State a Cause of Action

As a separate and further affirmative defense, this answering Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against this answering Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### Lack of Personal Jurisdiction

As a separate and further affirmative defense, this answering Defendant alleges that as to each and every cause of action alleged in the Complaint, the Court lacks personal jurisdiction over Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### Lack of Subject Matter Jurisdiction

As a separate and further affirmative defense, this answering Defendant alleges that as to each and every cause of action alleged in the Complaint, the Court lacks subject matter jurisdiction over Defendant.

## SIXTH AFFIRMATIVE DEFENSE

### Lack of Capacity

As a separate and further affirmative defense, this answering Defendant alleges that the Complaint contains a defect in the parties whereby Plaintiff lacks capacity to sue for those claims set forth therein.

Goodman
Neuman
Hamilton LLP

One Post St.
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

ANSWER BY DEFENDANT HOME DEPOT U.S.A., INC. TO PLAINTIFF'S COMPLAINT

### SEVENTH AFFIRMATIVE DEFENSE

### Misjoinder of Parties

As a separate and further affirmative defense, this answering Defendant alleges that the Complaint arises from a misjoinder of named parties whereby Plaintiff lacks capacity to sue for those claims set forth therein. Such misjoinder will result in prejudice to Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

### Failure to Join Necessary Parties

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff failed to join necessary parties whereby in the interest of justice and fairness the action cannot proceed in the absence of the parties that should have been joined.

### NINTH AFFIRMATIVE DEFENSE

### Real Parties in Interest

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff is not the real party in interest and lacks standing to bring the claims set forth therein.

### TENTH AFFIRMATIVE DEFENSE

### Failure to Mitigate Damages

As a separate and further affirmative defense, this answering Defendant alleges that at all times and places mentioned in the Complaint, Plaintiff failed to mitigate her damages. The damages claimed by Plaintiff could have been mitigated by due diligence on her part or by one acting under similar circumstances. Any recovery by Plaintiff should be reduced or eliminated due to his failure to mitigate her damages.

### ELEVENTH AFFIRMATIVE DEFENSE

### Spoliation of Evidence

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff, either intentionally or negligently, failed to preserve the primary evidence relevant to this litigation, thus failing to afford this answering Defendant an opportunity to

Goodman
Neuman
Hamilton LLP

One Post St.
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

1  inspect such evidence, thereby severely prejudicing Defendant. Plaintiff is therefore barred

2  from introducing secondary or lesser evidence, and any recovery should be diminished

3  accordingly.

4  ## TWELFTH AFFIRMATIVE DEFENSE

5  ## Doctrine of Laches

6  As a separate and further affirmative defense, this answering Defendant alleges that

7  Plaintiff has unreasonably delayed in bringing this action to the prejudice of Defendant and

8  this action is therefore barred by reason of the doctrine of laches.

9  ## THIRTEENTH AFFIRMATIVE DEFENSE

10  ## Assumption of Risk

11  As a separate and further affirmative defense, this answering Defendant alleges that

12  Plaintiff had full knowledge of all the risks, dangerousness and hazards, if any there were,

13  and nevertheless voluntarily and with full appreciation of the amount of danger involved

14  in his actions and the magnitude of risk involved, assumed the risk of damages to herself.

15  ## FOURTEENTH AFFIRMATIVE DEFENSE

16  ## Causation

17  As a separate and further affirmative defense, this answering Defendant alleges that

18  its conduct was not the cause in fact or the proximate cause of any of the losses alleged by

19  Plaintiff.

20  ## FIFTEENTH AFFIRMATIVE DEFENSE

21  ## No Notice of Dangerous Condition

22  As a separate and further affirmative defense, this answering Defendant alleges that

23  it had no notice, or inadequate notice, of any dangerous conditions that may or may not

24  have existed at the time of the losses alleged by Plaintiff, such that any preventative

25  measures could have been taken.

26  //

27  //

28

Goodman
Neuman
Hamilton LLP

One Post St.
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

-4-

## SIXTEENTH AFFIRMATIVE DEFENSE
### Statute of Limitations

As a separate and further affirmative defense, this answering Defendant alleges that the Complaint of Plaintiff is barred by the statute of limitations set forth in California Code of Civil Procedure Section 335.1.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### Workers' Compensation – Exclusive Remedy

As a separate and further affirmative defense, this answering Defendant alleges that Plaintiff was, at all relevant times, a special employee of Defendant and acting in the course and scope of that special employment, and that this action is therefore barred by the exclusive remedy provisions of the Workers' Compensation Act, as contained in California Labor Code sections 3600, 3601, and 3602.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### Reduction of Workers' Compensation Lien

As a separate and further affirmative defense, this answering Defendant alleges that at all times material herein, the Plaintiff was in the course and scope of her employment and that Plaintiff and her employer were subject to the provisions of the Workers' Compensation Act of the State of California; that certain sums have been paid to or on behalf of Plaintiff herein under the applicable provisions of the Labor Code of the State of California; that Plaintiff's employer and Plaintiff's co-employees were negligent and careless and that such negligence and carelessness proximately contributed to and caused the injuries of Plaintiff, if any; and that under the doctrine of *Witt v. Jackson* such negligence and carelessness should reduce or eliminate any lien claim or claim in a Complaint-In-Intervention which may be made for reimbursement of Workers' Compensation benefits paid to or on behalf of Plaintiff.

## NINETEENTH AFFIRMATIVE DEFENSE
### Apportionment

As a separate and further affirmative defense, this answering Defendant alleges that

Goodman
Neuman
Hamilton LLP

One Post St.
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

ANSWER BY DEFENDANT HOME DEPOT U.S.A., INC. TO PLAINTIFF'S COMPLAINT

1  if it is found liable for any injury and damage to Plaintiff, then said liability, if any, must

2  be limited to this answering Defendant's proportionate share of fault, if any there be,

3  pursuant to Code of Civil Procedure Section 1431.2.

4  **TWENTIETH AFFIRMATIVE DEFENSE**

5  **Reservation of Rights**

6  As a separate and further affirmative defense, this answering Defendant alleges that

7  Defendant presently has insufficient knowledge or information on which to form a belief

8  as to whether it may have additional, as yet unstated, defenses available. Defendant

9  reserves herein the right to assert additional defenses in the event discovery indicates that

10  it would be appropriate.

11  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

12  **Estoppel**

13  As a separate and further affirmative defense, this answering Defendant alleges that

14  Plaintiff has waived and/or is estopped from alleging the matters set forth in his

15  Complaint.

16  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

17  **Unclean Hands**

18  As a separate and further affirmative defense, this answering Defendant alleges that

19  Plaintiff is barred from recovery by reason of her unclean hands.

20  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

21  **Proposition 51**

22  As a separate and further affirmative defense, this answering Defendant alleges that

23  if this answering Defendant is found liable for any injury and damage to Plaintiff, then said

24  liability for non-economic damages to Plaintiff must be limited to this answering

25  Defendant's proportionate share of fault, if any there be, as defined by Cal. Civil Code

26  Section 1431.2, et seq.

27  //

28  //

Goodman
Neuman
Hamilton LLP

One Post St.
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

ANSWER BY DEFENDANT HOME DEPOT U.S.A., INC. TO PLAINTIFF'S COMPLAINT

1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

2

### Res Judicata

3      As a separate and further affirmative defense, this answering Defendant alleges that

4  Plaintiff's Complaint, and each cause of action thereof, is barred by the doctrine of Res

5  Judicata.

6

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

7

### Collateral Estoppel

8      As a separate and further affirmative defense, this answering Defendant alleges that

9  Plaintiff's Complaint, and each cause of action thereof, is barred by the doctrine of

10  Collateral Estoppel.

11

12      WHEREFORE, Defendant prays:

13      1.      Plaintiff take nothing against it by her Complaint;

14      2.      Defendant have judgment for its costs of suit; and

15      3.      Such other and further relief as the court deems just and proper.

16

17  DATED:  February 18, 2022           GOODMAN NEUMAN HAMILTON LLP

18

19                                   By: PAVAN L. ROSATI

20                                      PAVAN L. ROSATI
                                       Attorneys for Defendant
21                                      HOME DEPOT U.S.A., INC.

22

23

24

25

26

27

28

Goodman
Neuman
Hamilton LLP
One Post St.
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

ANSWER BY DEFENDANT HOME DEPOT U.S.A., INC. TO PLAINTIFF'S COMPLAINT

# **PROOF OF SERVICE**

**CASE NAME:** *Perez, Guadalupe v. Home Depot U.S.A., Inc.*
**CASE NUMBER:** 22CV005840
**DATE OF SERVICE:** February 18, 2022

**DESCRIPTION OF DOCUMENTS SERVED:**

> **ANSWER BY DEFENDANT HOME DEPOT U.S.A, INC. TO PLAINTIFF'S COMPLAINT**

**SERVED ON THE FOLLOWING:**

Gregory R. De La Pena
K. Anderson Franco
De La Pena & Holiday LLP
One Embarcadero Center, Ste. 2860
San Francisco, CA 94102
T: (415) 268-8000 / F: (415) 268-8180
gdelapena@dlphlaw.com
afranco@dlphlaw.com
*Attorneys for Plaintiff*

  I am over the age of 18 years and not a party to or interested in the above-named case.  I am an employee of Goodman Neuman Hamilton LLP, and my business address is One Post Street, Suite 2100, San Francisco, CA 94104.  On the date stated above, I served a true copy of the document(s) described above:

  **BY ELECTRONIC TRANSMISSION ONLY:** Pursuant to Code of Civil Procedure section 1010.6(e)(1), I caused a copy of the above document(s) to be sent to the person(s) at the e-mail address(es) listed above by electronic transmission. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on the date stated above.

_____
Marisol Rosario

Goodman
Neuman
Hamilton LLP

One Post Street
Suite 2100
San Francisco, CA
94104
Tel.: (415) 705-0400

PROOF OF SERVICE